130 So.2d 15

**W. T. SMITH LUMBER COMPANY**

v.

**U. G. BRYAN.**

4 Div. 959.

Supreme Court of Alabama.

Dec. 22, 1960.

Rehearing Denied May 25, 1961.

Ben H. Lightfoot, Luverne, and Edwin C. Page, Jr., Evergreen, for appellant.

Alton L. Turner, Luverne, and J. O. Sentell, Jr., Montgomery, for appellee.

COLEMAN, Justice.

This is an appeal by the complainant from a final decree establishing a boundary line

between the lands of the parties in Township 7 North, of Range 16 East, in Crenshaw County. The lands lie in a river swamp and are valuable chiefly for timber. There has been no adverse possession by either party.

The lands lie in Sections 11 and 12. Complainant owns NE ¼ of SE ¼ of Section 11 and respondent owns NW ¼ of SW ¼ of Section 12. The line between the lands of the parties as determined in this case is the west line of NW ¼ of SW ¼, the south line of W ½ of NW ¼ of SW ¼, and the west line of E ½ of SW ¼ of SW ¼, all in Section 12. As we understand the contentions of the parties, however, the location of the west boundary of Section 12 will determine the location of the remainder of the disputed line, and at the heart of the dispute is the location of the southwest corner of Section 12.

The decree appealed from established the northwest corner of Section 12 at a point "marked by an old pine stob located in a fence corner South 77°40' West and 65 chains 32 links from the northeast corner." This point is known as the Ridgeway corner. One surveyor, apparently, testified that he did not accept the Ridgeway corner as correct because he could not prove it. We do not think, however, that complainant seriously contests the location of the northwest corner of Section 12 at the Ridgeway corner. The head of complainant's forestry department testified that complainant has recognized the Ridgeway corner as a section corner for eight or ten years. We are of opinion that the trial court did not err in placing the northwest corner of Section 12 at the Ridgeway corner.

The court established the southwest corner of Section 12 at the Merrill corner which is marked by a three-inch iron stake located South 10°35' West and 72 chains 00.2 links from the Ridgeway corner.

The complainant's argument, briefly summarized, is that the court erred in establishing the southwest corner of Section 12 at the Merrill corner "because this location of the corner ignored completely the testimony of the Complainant that the 'Merrill' corner was not correct by good surveying practice, and there was insufficient evidence of recognition and acquiescence in the line and corner and no evidence of adverse possession."

The only question of law presented by this appeal is whether the evidence is sufficient to support a finding that the southwest corner of Section 12 is located at the Merrill corner. We are of opinion that the evidence is sufficient to support that finding.

The record clearly shows that the correct location of the southwest corner of Section 12 is a difficult task. The complainant filed its bill of complaint which avers that the parties do not know the true location of the government survey lines. Shortly thereafter, the parties filed an agreement to the effect that the court should appoint designated surveyors to mark the line on the ground and that the parties would abide by the line established pursuant to the agreement. The named surveyors were appointed. More than a year later, the appointed surveyors reported that they were unable to establish and mark the line "with any reasonable degree of accuracy." The decree previously entered according to the agreement was set aside and the case proceeded to trial ore tenus.

The testimony has been carefully reviewed. No good purpose would be served by undertaking to set it all out here. Complainant relied on four surveyors. All agree that there is a substantial difference between the courses and distances given in the government field notes and the courses and distances actually found on the ground in this township. Surveyor Talbert testified it was the worst township he had been in. Surveyor Andress said it was "a hiatus township," and that he had never found another township "messed up" quite so badly.

The surveyors for complainant undertook to come in from other known section cor-

ners and thereby establish the southwest corner of Section 12. Talbert, Andress, and Powell each undertook to establish that corner. Talbert testified that he sent Lancaster to locate the Merrill corner, and it was 9 chains 67 links west and 2 chains 48 links north of the Talbert corner. Powell testified that in his opinion the true corner was between 8 and 10 chains east of the Merrill corner. Andress placed the true corner 4 chains 17 links north and 2 chains 10 links east of the Talbert corner.

We do not understand that any surveyor who testified in this case placed the true corner precisely at the Merrill corner. There was testimony that a line running due North from proof four miles south of Merrill corner would strike the Merrill corner. There was also testimony that such a method of locating a corner was not good practice. Complainant's surveyors testified that the Merrill corner is not correct. Andress said he "thinks it's an impossibility." Powell also testified he does not know where the true corner is. The Merrill corner lies south of the present river, and only one river crossing lies between the Merrill corner and SW corner of Section 11, while the field notes place the SW corner of Section 12 north of the river and place two river crossings between the SW corner of Section 12 and the SW corner of Section 11.

On the other hand, John Ridgeway, ninety years old, testified that at one time he owned land in Section 12 in the northwest corner, that he is familiar with the wooden stob at the Ridgeway corner, that he was present when the stob was put there in 1920 by a surveyor named McKenzie, that the stob has not been moved since and is used as a section corner by all the community; that McKenzie also went down the township line for a mile from the north corner, then turned and came west for a mile and found a corner there south of the river, that the corner was Mr. Bob Merrill's corner at that time, that McKenzie "found some witness trees, stumps and things," and that McKenzie's son was present on the survey. McKenzie's son testified that his father found the corner at what is called the Merrill corner, that it was south of Patsaliga River, near a beech tree and a beech stump is there now. There is other testimony going to show that the Merrill corner has been accepted and recognized as the SW corner of Section 12 for many years.

The trial judge heard the testimony ore tenus. The record frequently indicates that a witness is testifying with reference to a point on a map, but the map is not identified. The trial judge could see the witness and the map and was much better advantaged than we are to decide who spoke the truth. He doubtless took into consideration all the facts and circumstances material to a decision. His finding should not be disturbed unless it is contrary to the great weight of the evidence. We cannot say it is erroneous when so treated, and, therefore, it should be and is affirmed. O'Rear v. Conway, 263 Ala. 466, 83 So.2d 65.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.